FILED
MAY 24 2007

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| FRED CORNELL CONE, | * | CIV 06-4128 |
| Plaintiff, | * | MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS |
| -vs- | * | |
| RAINBOW PLAY SYSTEMS, INC., | * | |
| Defendant. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending before the Court is defendant, Rainbow Play Systems, Inc. ("Rainbow"), Motion to Dismiss this pro se age discrimination action filed by plaintiff, Fred Cornell Cone ("Cone"). For the following reasons, the motion will be denied.

## BACKGROUND

On July 21, 2006, Cone filed this action along with an application to proceed in forma pauperis ("IFP"). The financial affidavit indicates that Cone qualifies for IFP status, but he made a special notation on the form stating that he would be able to pay the filing fee "during the month of August 2006." (Doc. 3.) By Order issued July 28, 2006, Cone's motion for leave to proceed IFP was granted, but he was directed to pay the filing fee by August 31, 2006. (Doc. 5.) Rainbow was served with the Summons and Complaint and, on September 5, 2006 Rainbow filed an Answer and Motion to Dismiss. (Doc. 10.) In paragraph 28 of the Answer and Motion to Dismiss, Rainbow sought dismissal based, in part, on Cone's failure to pay the filing fee by August 31 as directed by the Court. On September 18, 2006, the Court received a letter from Cone indicating that he had tried to pay the fee by mailing a $350 money order on August 28, 2006. (Doc. 11.) Later, he called the Clerk's office and learned that the money order had not arrived. In his September letter, Cone asked the Court if he could pay the filing fee when he received the social security check he expected on September 27, 2006. Cone also said that he was "in the process of retaining an attorney." On September 22, 2006, Rainbow filed a brief in support of its motion to dismiss. (Doc. 12.) The $350 filing fee was paid in full by Cone on September 27, 2006. On November 2, 2006, Rainbow filed

a Reply Brief in Support of Motion to Dismiss. (Doc. 13.) Cone did not file a brief regarding the motion to dismiss, but he filed a Motion to Settle the case (doc. 14), and a "Motion Requesting Process Toward Trial" (doc. 15).

Rainbow argues that Cone's action is untimely and should be dismissed because, although he filed his Complaint within 90 days after receiving the EEOC's right-to-sue letter, he failed to pay the filing fee by August 31, 2006 as ordered by the Court. Rainbow relies for the most part on three cases in which the Sixth, Seventh and Tenth Circuits held that it was proper to dismiss a case when the filing fee was paid long after denial of IFP status. *See Truitt v. County of Wayne*, 148 F.3d 644 (6th Cir. 1998) (filing fee paid four months after motion to proceed IFP denied); *Williams-Guice v. Board of Educ. of City of Chicago*, 45 F.3d 161 (7th Cir. 1995) (fee paid 103 days after IFP status denied); *Jarrett v. US Sprint Communications Co.*, 22 F.3d 256 (10th Cir. 1994) (IFP motion denied and filing fee paid five months later). These cases where IFP status was denied are inapposite not only because IFP status was granted to Cone, but also because Cone paid his fee in a much more timely fashion than the plaintiffs in *Truitt*, *Williams-Guice* and *Jarrett*.

Rainbow also relies on *Brooks v. Special School Dist. Of St. Louis County*, 129 F.3d 121, 1997 WL 633107 (8th Cir. 1997). Plaintiff in *Brooks* paid the filing fee by check. When the check did not clear, the Clerk sent a letter to plaintiff stating that the check had been returned for insufficient funds and that the plaintiff needed to cover the check immediately. Plaintiff failed to pay and, after four months had passed without payment, the district court dismissed the case for failure to pay the filing fee. The Eighth Circuit affirmed. *Brooks* is inapplicable to the present case. The plaintiff in *Brooks* was not granted IFP status and, more than four months after filing the case, she had not paid the filing fee despite the letter directing her to pay it "immediately." Cone requested and was granted IFP status because his financial affidavit showed that he met the requirements. The reason the Court directed Cone to pay the filing fee by August 31 is that Cone said he could pay the filing fee in August. In his letter, Cone said he tried to pay the fee by mailing a $350 money order on August 28, 2006. When he learned from the Clerk's office that the money order had not arrived, Cone sent the letter to the Court asking if he could pay the filing fee when he

received the social security check he expected on September 27, 2006. Cone paid the filing fee on September 27, 2006. The facts of this case are very different from *Brooks* and its reasoning does not apply here.

Finally, Rainbow contends that Cone's action should be dismissed for failure to comply with the Court's order directing him to pay the filing fee by August 31. Federal Rule of Civil Procedure 41(b) allows a court to dismiss a case for failure to comply with an order. *See Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000). The Eighth Circuit has encouraged district courts to warn litigants prior to a Rule 41(b) dismissal, *see id.*, and has indicated that this "ultimate sanction . . . should only be used when lesser sanctions prove futile." *Id.* (citations omitted). A dismissal for lack of prosecution "is proper only when there has been a clear record of delay or contumacious conduct by the plaintiff." *Skelton v. Rapps*, 187 F.3d 902, 908 (8th Cir. 1999) (internal quotation marks and citations omitted). The Court is to balance its need to advance a crowded docket with the consequences of denying a plaintiff his day in court. *See Garland v. Peebles*, 1 F.3d 683, 687 (8th Cir. 1993). The record is devoid of any evidence that Cone intentionally or purposefully failed to pay the filing fee on August 31, or that Rainbow suffered any prejudice as a result. Cone was not notified that his case would be dismissed if he did not pay the fee by August 31. Balancing the relevant factors in deciding whether to dismiss Cone's claims against Rainbow, the Court concludes that such an extreme sanction is not necessary to advance the Court's crowded docket. Accordingly,

IT IS ORDERED that the motion to dismiss is denied.

Dated this 23rd day of May, 2007.

BY THE COURT:

/s/ Lawrence L. Piersol
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: /s/ Sharon [illegible]
(SEAL)   DEPUTY

3