FILED
MAR 0 5 2008

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| FRED CORNELL CONE, | * | CIV 06-4128 |
| Plaintiff, | * | |
| | * | ORDER |
| -vs- | * | |
| RAINBOW PLAY SYSTEMS, INC., | * | |
| Defendant. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending before the Court are five motions filed by the plaintiff, Fred Cornell Cone ("Cone"), in this pro se age discrimination action against the defendant, Rainbow Play Systems, Inc. ("Rainbow"). The motions are: (1) Motion to Amend Pleadings, doc. 25; (2) Motion Requesting a Settlement Relief Judgment, doc. 26; (3) Motion for Discovery, doc. 29; (4) Motion for Discovery, doc. 30; and (5) Motion to Compel, doc. 38.

The Motion to Amend Pleadings states that Cone wants to add a claim for punitive damages for "permanent scarring" Cone allegedly suffered after being choked by a co-worker, Joe Paulsen, at Rainbow Play Systems. An amendment to the Complaint is unnecessary because Cone's Complaint already includes a claim for punitive damages for being choked by his co-worker. Thus, the Motion to Amend will be denied.

In his Motion Requesting a Settlement Relief Judgment, Cone indicates that Rainbow has not responded in writing to his settlement demand in contravention of the Court's Order For Form 35 Report and Scheduling Information. Apparently Cone wants a response from Rainbow. The Court reviewed the parties' Form 35 Report, doc. 21, which states that the parties have each sent a letter to Magistrate Judge Simko, indicating a desire to engage in an early settlement conference before him. Based on this representation, the Court will not require Rainbow to respond in writing to Cone's settlement demand, and his motion will be denied.

Cone's discovery motions request access to all employee personnel files at Rainbow "up to and including Feb. 24, 2005, at the Brookings, SD plant," doc. 29, and all e-mail correspondence between four managers at Rainbow "for the dates between Aug. 15, 2004 thru Feb. 24, 2005," doc. 30. Rainbow resists these motions. First, Rainbow contends that Cone has never made discovery requests "in compliance with the Federal Rules of Civil Procedure." Instead, Cone filed these discovery motions after the time for discovery closed. Next, Rainbow argues that the discovery motions fail to comply with Local Rule 37.1 regarding the conditions which must be met before a party may bring a discovery motion. Finally, Rainbow asserts that Cone's discovery requests are over broad, unduly burdensome, invade the privacy rights of Rainbow employees and are irrelevant.

In his Motion to Compel Discovery, doc. 38, Cone asserts that he needs access to employee files in order to help prove his age discrimination claim, and that he needs access to manager emails in order to show what Rainbow managers knew about the assaultive conduct of Cone's co-worker, Joe Paulsen.

The Court agrees that Cone's discovery requests are overly broad and that his requests include a great deal of irrelevant and personal information that is neither discoverable nor capable of leading to discoverable material. Rainbow indicates that Cone has never made discovery requests that comply with the Federal Rules of Civil Procedure, but it is not clear what, if any, non-compliant discovery requests were made by Cone before the discovery deadline. It is true that pro se litigants are not excused from following the rules of procedure, *Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996), but pleadings of pro se litigants are to be construed liberally in light of their lack of legal training. *Haines v. Kerner*, 404 U.S. 519 (1972). It appears that Cone has been trying to cooperate with counsel for Rainbow. He appeared at his deposition on September 27, 2008 and answered counsel's questions.[1] Like Rainbow, Cone is entitled to discovery of any matter relevant to the subject matter involved in the action, FED.R.CIV.P. 26(b)(1), but he is not entitled to engage in a "fishing expedition." Cone's and Paulsen's personnel files may contain

---

[1] Some pages of Cone's deposition are attached to the Affidavit of Sandra Hoglund Hanson, doc. 37.

2

discoverable material that sheds light on the reason why Cone was fired, and the Court will require Rainbow to deliver those personnel files under seal for an in camera inspection so the Court can make a determination of whether the files should be produced in whole or in part. Rainbow will be allowed to present argument and authority regarding production of the documents to Cone, as well as any basis for a protective order. Rainbow must also provide the Court with any other documents or information in its possession pertaining to Cone's employment and termination, who was hired to replace him, as well as documents regarding altercations or arguments in the workplace involving Rainbow's former employee, Joe Paulsen.

On January 31, 2008, Rainbow filed a Motion for Summary Judgment. Cone has not responded to the motion. The Court assumes Cone has not been able to respond because he has not completed any discovery. The Court will temporarily suspend the Rule 16 Scheduling Order in this case pending resolution of the discovery issues. Once the discovery issues are resolved, the Court will set a new schedule.

If Rainbow renews its motion for summary judgment after completion of discovery, Cone will need to file a timely response to the motion. Cone's response must meet the requirements of Federal Rule of Civil Procedure 56 and Local Rule 56.1 for opposing a summary judgment motion. Local Rule 56.1 of the District Court requires that the party moving for summary judgment file a separate Statement of Material Facts. As part of Cone's opposition to a motion for summary judgment, he must include a response to the Statement of Material Facts. He must respond to each numbered paragraph of Rainbow's facts by accepting or denying each fact contained in Rainbow's statement. Cone is advised that material facts set forth in Rainbow's statement will be deemed admitted unless specifically denied, or otherwise controverted by him.

The Court notes that Cone knows the requirements for establishing a successful age discrimination claim because Rainbow discusses those requirements in its Brief in Support of Defendant's Motion for Summary Judgment, doc. 34. If Rainbow renews its motion for summary judgment, in order to avoid summary judgment in favor of Rainbow on the age discrimination claim,

3

Cone must respond and provide sufficient evidence to show Rainbow may have terminated him due to his age. For all of these reasons,

    IT IS ORDERED:

1. That the Motion to Amend Pleadings, doc. 25, is denied.
2. That the Motion for Settlement Relief Judgment, doc. 26, is denied.
3. That the Motions for Discovery, docs. 29 and 30, and the Motion to Compel, doc. 38, are granted to the extent that, within one week of the date of this Order, Rainbow shall deliver to the Court the personnel files of Cone and Paulsen, any other documents or information in its possession pertaining to Cone's employment and termination including who was hired to replace him, and documents regarding altercations or arguments involving Paulsen. The documents shall be delivered under seal for an in camera inspection. Rainbow may simultaneously file a brief containing argument and authority regarding production of the documents to Cone, as well as any basis for a protective order.
4. That the Rule 16 Scheduling Order issued on July 10, 2007 is suspended until further order of this Court.

Dated this 5th day of March, 2008.

                        BY THE COURT:

                        Lawrence L. Piersol
                        United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: Shelly Margules
   (SEAL)   DEPUTY

4