UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

```
******************************************************************
                                    *
FRED CORNELL CONE,                  *       CIV 06-4128
                                    *
            Plaintiff,              *
                                    *       MEMORANDUM OPINION
     -vs-                           *       AND ORDER REGARDING
                                    *PLAINTIFF'S DISCOVERY REQUESTS
RAINBOW PLAY SYSTEMS, INC.,         *
                                    *
            Defendant.              *
                                    *
******************************************************************
```

Plaintiff Fred Cone filed a Discovery Request for all Completed Employee Performance Agreements, doc. 53, and a Motion Requesting Subpoena to Compel Discovery, doc. 55. Defendant, Rainbow Play Systems, Inc. ("Rainbow") submitted responses objecting to Plaintiff's requests.

The Court has been involved in resolving discovery disputes between the parties in this age discrimination case in the past, and Plaintiff is continuing his efforts to discover evidence in support of his claim that Rainbow unlawfully terminated his employment due to his age. The dispute before the Court at this time is limited to whether Plaintiff is entitled to discovery of information regarding Performance Agreements like the one he signed prior to his termination.

On February 23, 2005, Plaintiff got in an altercation with a younger co-worker which apparently involved the co-worker grabbing Plaintiff by the neck. That same day, the co-worker was fired and Plaintiff was asked to sign, and did sign, a Performance Agreement which provides:

> This will be considered a written notice that your performance does not meet the requirements of your assigned position. Your current behavior and performance has created a hostile work environment. Engaging in behavior that would interfere with another employee or engaging in behavior that would create a lack of harmony among employees is unacceptable and works against company goals and initiatives. This includes not following directives.

> I understand that if I am not in compliance with this agreement, that I will voluntarily resign my position.
> This Performance Agreement will be in place indefinitely.

Plaintiff says he understood he could keep his job if he complied with the Performance Agreement, yet his employment was terminated on February 24, 2005, the day after the altercation and signing the Performance Agreement. Rainbow asserts that company officials had concerns with Plaintiff's behavior in the workplace even before the February 23 incident. After they completed a full investigation of the February 23 incident, company officials decided that Plaintiff should be released from employment because he appeared to have had some physical involvement in the altercation.

Plaintiff claims that other younger employees have had the opportunity to complete their Performance Agreements and remain employed with Rainbow by exhibiting good behavior, but that he was not allowed to do so because of his age. Plaintiff does not know the names of any of those younger employees, but he would like to discover that information. He wants Rainbow to comb through all of its personnel files from the last 30 years for employees under the age of 50 who were allowed to complete a Performance Agreement and remain employed.

Rainbow asserts that Plaintiff's request is "procedurally insufficient and substantively inappropriate, seeking information that is unduly burdensome, irrelevant and not likely to lead to the discovery of admissible evidence, and vague and ambiguous. . . ." (Doc. 56 at 1.) Rainbow does not, however, explain how the request is irrelevant or discuss the nature of the burden it imposes on the company. The Court does not agree that the information Plaintiff seeks is irrelevant. As Rainbow indicated in its summary judgment brief, to make out a prima facie case of age discrimination Plaintiff must show: "(1) he belongs to a protected class; (2) he was qualified for the position he held; (3) he was terminated from that position; and (4) Rainbow filled Plaintiff's position with a person sufficiently younger than Plaintiff to raise an inference of age discrimination, or there was some 'additional showing' that age was a factor in Rainbow's decision to terminate Plaintiff." (Doc. 34 at 14.) Rainbow cites cases in its summary judgment brief which hold that a plaintiff can meet the last requirement by presenting evidence that similarly situated employees who were not members of

2

the protected class were treated more favorably. *See, e.g., Clark v. Runyon*, 218 F.3d 915, 918 (8th Cir. 2000). Thus, information sought by Plaintiff regarding more favorable treatment of younger employees is relevant to the fourth element of his prima facie case.[1]

Courts typically will permit discovery in employment discrimination cases to cover a reasonable number of years before and after the alleged discrimination. *See, e.g., Sallis v. University of Minnesota*, 408 F.3d 470, 478 (8th Cir. 2005). The Ninth Circuit ruled that going back eight years before the discriminatory conduct is excessive. *See General Ins. Co. of America v. EEOC*, 491 F.2d 133, 136 (9th Cir.1974). Some courts have limited discovery to four or five years prior to the date of the alleged discriminatory act. *See, e.g., James v. Newspaper Agency Corp.*, 591 F.2d 579, 582 (10th Cir.1979) (discovery of information four years prior to alleged discrimination); *McClain v. Mack Trucks, Inc.*, 85 F.R.D. 53, 63 (E.D.Pa.1979) (limiting discovery to approximately five years prior to alleged violation); *Cormier v. PPG Indus., Inc.*, 452 F.Supp. 594, 596 (W.D.La.1978) (five years). Courts also have found it reasonable to limit discovery to a two-year period after the alleged discriminatory violation. *See, e.g., Raddatz v. Standard Register Co.*, 177 F.R.D. 446, 448 (D.Minn. 1997) (allowing discovery into two-year period following alleged discriminatory termination); *Hicks v. Arthur*, 159 F.R.D. 468, 471 (E.D.Pa.1995) (allowing discovery into two-year period following alleged discriminatory demotion).

Plaintiff's request for discovery of information kept over a 30-year period is excessive, but he is entitled to discovery of relevant information for a reasonable period of time before and after Rainbow's alleged discriminatory conduct. The Court finds that four years before his termination and two years after it is a reasonable time period in this case. Rainbow has made no showing that it would be unduly burdened by a search of its records for Performance Agreements signed by employees within that six-year time frame. Accordingly,

---

[1]Rule 26 of the Federal Rules of Civil Procedure broadly authorizes discovery of "any matter, not privileged, which is relevant to the claim or defense involved in the pending action." FED.R.CIV.P. 26(b)(1). The information sought during discovery in a civil case need not be admissible at trial and need only be reasonably calculated to lead to discovery of admissible evidence. *See id.*

IT IS ORDERED:

1. That Plaintiff's Discovery Request for all Completed Employee Performance Agreements, doc. 53, and Motion Requesting Subpoena to Compel Discovery, doc. 55, are granted to the extent that the Court orders Defendant to produce documents and information relating to Performance Agreements signed by employees during the period from January 1, 2001 to January 1, 2007.

2. That Defendant shall produce the documents and information by August 11, 2009.

Dated this 21st day of July, 2009.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
(SEAL)      DEPUTY

4