

FILED
DEC 16 2009

*******************************************************************

| | | |
|---|---|---|
| FRED CORNELL CONE, | * | CIV 06-4128 |
| Plaintiff, | * | |
| -vs- | * | MEMORANDUM OPINION AND ORDER REGARDING PLAINTIFF'S MOTION TO DISCOVER AND DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| RAINBOW PLAY SYSTEMS, INC., | * | |
| Defendant. | * | |

*******************************************************************

Plaintiff Fred Cone has filed a Motion to Discover, doc. 63, asking the Court to order Defendant, Rainbow Play Systems, Inc. ("Rainbow") to provide the original of a Performance Agreement which Plaintiff signed on February 23, 2005, prior to his termination. Plaintiff believes the copy of the document he received in discovery is missing information about a 30-day time-frame for the agreement. Rainbow's response to the motion indicates that it has provided Plaintiff and the Court with a true and correct copy of the February 23, 2005 Performance Agreement signed by Plaintiff, his supervisor, and his manager, and the Performance Agreement does not contain a 30-day limitation for improvement of Plaintiff's behavior. In fact, the Agreement states that it will be in place indefinitely. Rainbow points out that, in his deposition, Plaintiff agreed that the Performance Agreement produced by Rainbow was the document that he signed on February 23, 2005. Plaintiff also testified that, when he was presented with the document, he asked what period of time was involved, and they told him 30 days. Rainbow denies there is any Performance Agreement which explicitly included a reference to a 30-day performance plan. The Court cannot require production of a document that does not exist, and Plaintiff's Motion to Discover will be denied.

Also pending before the Court is Rainbow's Renewed Motion for Summary Judgment, doc. 65. Rainbow argues it is entitled to summary judgment because Plaintiff has no evidence showing that "but-for" age discrimination he would not have been terminated. According to Rainbow, it has articulated a legitimate, non-discriminatory reason for Plaintiff's termination -- involvement in workplace violence -- and Plaintiff produced no evidence to show the reason is pretext. In his

Opposition to Defendant's Renewed Motion for Summary Judgment, Plaintiff states that he now has some information to support his position. Before discussing that information, the Court will briefly summarize the background of this case.

This case arises out of an incident that occurred on February 23, 2005, when Plaintiff got in an altercation with a younger co-worker which apparently involved the co-worker grabbing Plaintiff by the neck. That same day, the co-worker was fired and Plaintiff was asked to sign, and did sign, a Performance Agreement which provides:

> This will be considered a written notice that your performance does not meet the requirements of your assigned position. Your current behavior and performance has created a hostile work environment. Engaging in behavior that would interfere with another employee or engaging in behavior that would create a lack of harmony among employees is unacceptable and works against company goals and initiatives. This includes not following directives.
> I understand that if I am not in compliance with this agreement, that I will voluntarily resign my position.
> This Performance Agreement will be in place indefinitely.

Plaintiff has said he thought he could keep his job if he complied with the Performance Agreement, yet his employment was terminated on February 24, 2005, the day after the altercation and signing the Performance Agreement. Rainbow asserts that company officials had concerns with Plaintiff's behavior in the workplace even before the February 23 incident. After they completed a full investigation of the February 23 incident, company officials decided that Plaintiff should be released from employment because he appeared to have had some physical involvement in the altercation.

Plaintiff claims that other younger employees have had the opportunity to complete their Performance Agreements and remain employed with Rainbow by exhibiting good behavior, but he was not allowed to do so because of his age. To prove this, Plaintiff requested discovery of Rainbow's personnel files from the last 30 years for employees under the age of 50 who were allowed to complete a Performance Agreement and remain employed. The Court limited Plaintiff's discovery to four years before his termination and two years after it, and ordered Rainbow to search its records for Performance Agreements signed by employees within that six-year time frame. On August 11,

2009, Rainbow filed a document indicating that it complied with the Court's discovery order by producing 274 pages of documents to Plaintiff. In opposing Rainbow's motion for summary judgment, Plaintiff writes that this discovery revealed one younger employee who Plaintiff believes was treated more favorably than Plaintiff. Plaintiff said he is "holding that information now."

If Plaintiff has evidence or information to support his age discrimination claim, now is the time to make it part of the record. Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). In ruling on a motion for summary judgment, the Court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. *AgriStor Leasing v. Farrow*, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. FED.R.CIV.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

Once the moving party has met its burden, the non-moving party may not rest on the allegations of its pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 257; *City of Mt. Pleasant v. Associated Elec. Co-op., Inc.*, 838 F.2d 268, 273-74 (8th Cir. 1988). "To survive summary judgment, a plaintiff must substantiate his allegations with enough probative evidence to support a finding in his favor." *Roeben v. BG Excelsior Ltd. Partnership*, 545 F.3d 639, 643 (8th Cir.2008) (citing *Haas v. Kelly Services, Inc.*, 409 F.3d 1030, 1034 (8th Cir.2005)). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

3

The Supreme Court recently clarified that plaintiffs in age discrimination cases must "establish that age was the 'but-for' cause of the employer's adverse action." *Gross v. FBL Financial Services, Inc.*, --- U.S. ----, 129 S.Ct. 2343 (2009). The Supreme Court held that the burden of persuasion does not shift to the employer "to show that it would have taken the action regardless of age, even when plaintiff has produced some evidence that age was one motivating factor in that decision." *Id.* at 2352. The Court is not making a final ruling on Rainbow's motion for summary judgment at this time, but it appears that Rainbow has a legitimate, nondiscriminatory reason for terminating Plaintiff's employment. Plaintiff has the burden of proving age discrimination was the "but for" cause of Rainbow's actions either by demonstrating that its proffered reasons are pretexts for unlawful discrimination, or with any other evidence giving rise to the necessary inference. To avoid summary judgment, Plaintiff must offer evidence sufficient to show that an issue of material fact exists as to whether he was treated adversely on account of his age. Accordingly,

IT IS ORDERED:

1. That Plaintiff's Motion to Discover, doc. 63, is denied.

2. That, on or before Monday, December 28, 2009, Plaintiff shall serve and file all evidence he believes establishes that age was the "but-for" cause of his termination from employment at Rainbow. The Court will rule on Rainbow's motion for summary judgment after that date.

Dated this 16th day of December, 2009.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: Summer Wahl
(SEAL)   DEPUTY

4